BOYCE F. MARTIN, Jr., Circuit Judge.
I concur in the Court’s opinion. I would simply note that Khouri did not assert that his sentence was unreasonable and we have not considered the claim under United States v. Booker, 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621 (2005).
Finally, Khouri justifiably challenged the district court’s denial of his motion to withdraw his guilty plea, the court’s imposition of partially consecutive sentences, and the co-defendant sentencing disparity. The same cannot be said for Khouri’s other claim. Khouri pled guilty to armed bank robbery. Two days before sentencing, Khouri was arrested while attempting to rob another bank; sentencing on the first armed bank robbery was delayed *469 while Khouri was charged, tried, convicted, and sentenced for the second attempted bank robbery. Then, back at sentencing for the first armed bank robbery, Khouri argued that he was still entitled to a reduction for acceptance of responsibility. The motion, of course, was denied. Khouri’s appeal claiming that he is entitled to a reduction for acceptance of responsibility and that the district court’s denial of the reduction is “egregious” borders on frivolity and wastes this Court’s time.